UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN HOBSON,

    Plaintiff,

    v.

MIAMI CORRECTIONAL FACILITY, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-552-PPS-MGG

OPINION AND ORDER

Kevin Hobson, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Hobson alleges that, on March 16, 2018, he refused to return to his cell due to safety concerns. Officer Johnson placed him in handcuffs and signaled for other officers. When Sergeant Parkin, Officer Emery, and Officer Burns arrived, they attempted to force Hobson into his cell. During this struggle, Hobson stumbled, and Officer Burns used a taser on him for at least thirty seconds, which caused pain in his

back, legs and neck. The correctional officers placed him in his cell and left. Hobson pressed the intercom button for medical attention, and an unidentified nurse came to his cell but then walked away without providing medical treatment. About two hours later, he was taken to the restrictive housing unit, where another nurse treated him.

Hobson asserts an Eighth Amendment claim of excessive force against Officer Burns and a failure to intervene claim against Sergeant Parkin, Officer Emery, and Officer Johnson. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). According to Hobson, Officer Burns tased him for at least thirty seconds in the presence of the other correctional officers. Giving Hobson the inferences to which he is entitled at the pleading stage, the complaint plausibly states an Eighth Amendment claim of excessive force against Officer Burns and a failure to intervene claim against Sergeant Parkin, Officer Emery, and Officer Johnson.

Hobson further asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Sergeant Parkin, Officer Emery, Officer Johnson, and

Officer Burns for leaving him without medical attention after the excessive force incident. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The complaint adequately states a claim of deliberate indifference against Sergeant Parkin, Officer Emery, Officer Johnson, and Officer Burns.

Additionally, Hobson names Warden William Hyatt as a defendant on a theory of supervisory liability. However, absent an allegation of personal involvement, he cannot proceed against Warden Hyatt. *See Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988) ("To be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct."). Hobson also asserts a claim against the unidentified nurse, but this defendant is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). In the event that Hobson is able to identify this nurse, he can move to amend his complaint at that time.

For these reasons, the court:

(1) GRANTS Kevin Hobson leave to proceed on a claim against Officer M. Burns for money damages for use of excessive force on May 16, 2018;

(2) GRANTS Kevin Hobson leave to proceed on a claim against Sergeant E. Parkin, Officer C. Emery, and Officer K. Johnson for money damages for failing to intervene on May 16, 2018, in violation of the Eighth Amendment;

(3) GRANTS Kevin Hobson leave to proceed on a claim against Sergeant E. Parkin, Officer C. Emery, Officer K. Johnson, and Officer M. Burns for money damages for acting with deliberate indifference to his medical needs on May 16, 2018, in violation of the Eighth Amendment;

(4) DISMISSES Warden William Hyatt and Unknown Nurse;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant E. Parkin, Officer C. Emery, Officer K. Johnson, and Officer M. Burns at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant E. Parkin, Officer C. Emery, Officer K. Johnson, and Officer M. Burns respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Kevin Hobson has been granted leave to proceed in this screening order.

ENTERED: October 18, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT