UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN HOBSON,

        Plaintiff,

   v.                                           CAUSE NO. 3:18-CV-552-DRL-MGG

C. EMERY *et al.*,

        Defendants.

<u>OPINION & ORDER</u>

Kevin Hobson, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Officer Burns for use of excessive force on May 16, 2018; an Eighth Amendment claim against Sergeant Parkin, Officer Emery, and Officer Johnson for failing to intervene; and an Eighth Amendment claim against Sergeant Parkin, Officer Emery, Officer Johnson, Officer Burns, and Nurse Hill for acting with deliberate indifference to his medical needs. The defendants filed motions for summary judgment on all claims.

The defendants provided Mr. Hobson with the summary judgment notices required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 66, ECF 79. The notices informed Mr. Hobson of the consequences of forgoing a response. They advised that, unless he disputed the facts presented by the defendants, the court could accept these facts as true. *See* Fed. R. Civ. P. 56(e). They further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Mr. Hobson did not file a response.

BACKGROUND

On May 16, 2018, at 9:20 p.m., Mr. Hobson refused an order to return to his cell at the Miami Correctional Facility. ECF 64-3. Sergeant Parkin, Officer Emery, Officer Johnson, and Officer Burns attempted to escort him to his cell, and Mr. Hobson resisted their efforts by falling to the floor and

wrapping his legs around a metal cart. *Id.* To obtain compliance from Mr. Hobson, Officer Burns used a TASER device on Mr. Hobson's back for ten seconds.[1] *Id.*; ECF 64-4. Mr. Hobson straightened his legs and stood back up, and the correctional officers escorted him back to his cell. ECF 64-3.

As they placed him in cell, Mr. Hobson reported pain to the correctional officers. ECF 64-1 at 25. Immediately thereafter, Mr. Hobson used the intercom to request medical attention for the minor injuries sustained during the use of force incident, including scratches and back pain. *Id.* at 24, 27, 32. A correctional officer relayed his request to the medical unit; and, at 9:57 p.m., a nurse arrived at his cell. ECF 64-2 at 1. At 11:00 p.m., correctional staff escorted him to the restrictive housing unit; and, at 1:15 a.m., another nurse evaluated him due to his placement in restrictive housing. ECF 64-2 at 2-3; ECF 64-3. On May 25, 2019, Mr. Hobson saw a nurse for back pain and received prednisone; again six days later he saw a physician who prescribed Mobic and Pamelor for one month. ECF 64-2 at 9-14.

In the amended complaint, Mr. Hobson alleges that, after he asked for medical attention, Nurse Hill came to his cell, did a thumbs up gesture, and left without providing medical care. ECF 36 at 4. According to the medical records, Nurse Hill performed a visual assessment only due to Mr. Hobson's verbal abuse, and she observed no notable distress. ECF 64-2 at 1. At his deposition, Mr. Hobson testified that Nurse Hill was not the nurse who came to his cell and that he did not know the nurse's identity. ECF 64-5 at 12.

---

[1] Mr. Hobson represented in the amended complaint and at his deposition that the duration of the TASER application spanned from thirty seconds to a minute. ECF 36 at 3; ECF 64-1 at 21. Officer Burns represented in his incident report that he used the TASER for five seconds and provided a video recording. ECF 64-3; ECF 64-4. Upon review of the video recording, the court finds that this disagreement does not constitute a genuine dispute of material fact and credits the video tape recording. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). Though the court cannot determine the exact duration due to an obstructed view, the record indicates that the officer used the device in drive-stun, and the video recording indicates that it was no more than a handful of seconds given both the bodily response and facial reaction. A drive-stun will only cause momentary and localized pain or discomfort.

STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

DISCUSSION

Mr. Hobson asserts an Eighth Amendment claim against Officer Burns for use of excessive force and an Eighth Amendment claim against Sergeant Parkin, Officer Emery, and Officer Johnson for failing to intervene. The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* A bystander officer may be held liable for the excessive force of another officer if the bystander officer: "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Nevertheless, given the need for a functional correctional facility, if an inmate refuses to obey an order, correctional staff may

3

compel compliance with chemical agents or physical force. *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

The undisputed record reflects that Mr. Hobson refused the order to return to his cell and physically resisted the correctional officers by falling to the floor and wrapping his legs around a metal cart. Officer Burns used the TASER device on Mr. Hobson for the purpose of obtaining compliance and stopped using the TASER device either immediately or within a few seconds of Mr. Hobson straightening his legs. Mr. Hobson had some scratches from the hand cuffs and lingering back pain, but these injuries were not severe or extensive and a natural and foreseeable result of his refusal to comply. Consequently, the record indicates that Officer Burns did not use excessive force but instead reasonably tailored his use of force to the need for compliance. The court grants summary judgment with respect to the defendants on the claims of excessive force and failure to intervene.

Mr. Hobson asserts an Eighth Amendment claim against Sergeant Parkin, Officer Emery, Officer Johnson, Officer Burns, and Nurse Hill for acting with deliberate indifference to his medical needs following the use of force incident. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm.

*Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

At his deposition, Mr. Hobson conceded that the correctional officers did not prevent him from obtaining medical attention but maintained that the correctional officers should have obtained medical care for him as a matter of policy following the use of force incident. ECF 64-1 at 24. The undisputed record reflects that: when the correctional officers left, he immediately asked another correctional officer for medical attention; that correctional officer relayed his request; and a nurse promptly arrived at his cell. It is also unclear how they acted with deliberate indifference by leaving Mr. Hobson in a cell where he could immediately request medical attention on his own. Though Sergeant Parkin, Officer Emery, Officer Johnson, and Officer Burns did not personally seek medical attention for Mr. Hobson, they were not required to do so. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). Moreover, it is unclear that Mr. Hobson's minor injuries constitute a serious medical need, and there is no indication that they required immediate medical attention.

At his deposition, Mr. Hobson also maintained that he misidentified Nurse Hill as a defendant and that she did not appear at his cell that night. Notwithstanding this position, the medical records indicate that Nurse Hill did appear at his cell, and Mr. Hobson has not dismissed or substituted Nurse Hill as a defendant. The medical records further indicate that Nurse Hill performed only a visual examination due to verbal abuse and observed no notable distress. Considering her limited ability to perform a medical examination and her unremarkable observations, Nurse Hill's assessment that Mr. Hobson did not require urgent medical care was reasonable and does not suggest deliberate

indifference. Therefore, the motion for summary judgment is granted with respect to the Eighth Amendment claim of deliberate indifference, and there are no remaining claims in this case.

For these reasons, the court:

(1) GRANTS the motions for summary judgment (ECF 64, ECF 76); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and to terminate this case.

SO ORDERED.

September 4, 2020 　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　Judge, United States District Court